IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLA J. KAPPEL, as mother and next friend of Kendall Isabella Tarabus, a minor, and Aydan James Tarabus, a minor, as Special Administrator of the Estate of OZAN TARABUS, deceased, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| LUMBER LIQUIDATORS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT LUMBER LIQUIDATORS, INC.'S
<u>NOTICE OF REMOVAL</u>**

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

Lumber Liquidators, Inc. ("Lumber Liquidators"), by and through its undersigned counsel,

hereby removes this civil action from the Circuit Court of Cook County, Illinois, to this

honorable Court, and in support thereof states as follows:

**BACKGROUND AND TIMELINESS OF REMOVAL**

1.      On or about July 20, 2020, Plaintiff Carla J. Kappel ("Plaintiff") filed her

Complaint in the Circuit Court of Cook County, Illinois. Lumber Liquidators was served with a

copy of the Complaint on August 4, 2020. This Notice of Removal is filed within thirty (30) days

of the date on which the Complaint was served. Accordingly, this Notice of Removal is timely

under 28 U.S.C. § 1446(b)(3).

## VENUE

2.      Venue properly lies in the Northern District of Illinois, Eastern Division, because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 93(a) and 1441(a) (state court civil actions may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"). Venue also is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1446(a).

## GROUNDS FOR REMOVAL

3.      Removal of this case is proper under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

4.      Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction in civil actions where the amount in controversy exceeds $75,000, and diversity of citizenship exists between the parties.

5.      Original or subject matter jurisdiction exists in this action, as complete diversity of citizenship exists between the parties, and the allegations in Plaintiff's Complaint demonstrate an amount in controversy that exceeds $75,000.

### A.      Complete Diversity Exists Between Plaintiff and Defendant.

6.      Upon information and belief, Plaintiff's decedent, Ozan Tarabus, was a resident and citizen of the State of Illinois at all relevant times. (*See* Exhibit A, Pl.'s Compl. ¶¶ 1-9 (bringing action under Illinois wrongful death statute, alleging purchase of flooring in Illinois and subsequent installation of flooring in Decedent's home).) Thus, for purposes of this litigation, Plaintiff is a citizen of the State of Illinois. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal

representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.").

7.      Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." Defendant Lumber Liquidators, Inc. is a Delaware corporation with its principal place of business in Virginia. (*See* Exhibit A, Pl.'s Compl. ¶ 4 (alleging Lumber Liquidators is a Delaware corporation); Exhibit B, Declaration of Michael Woolley ¶ 2 (showing Lumber Liquidators' principal place of business is in Virginia).) Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Lumber Liquidators is a citizen of both the State of Delaware and the Commonwealth of Virginia.

8.      Because Plaintiff is a citizen of the State of Illinois and Defendant is a citizen of the State of Delaware and the Commonwealth of Virginia, complete diversity of citizenship exists between the parties.

### B.      The Amount in Controversy Exceeds $75,000.

9.      Plaintiff's Complaint fails to specify the precise amount of damages sought. Plaintiff alleges, however, that Decedent's exposure to formaldehyde and other chemicals emanating from laminate flooring manufactured and sold by Defendant proximately caused Decedent to develop and die from liver and pancreatic cancer. (*See* Exhibit A, Pl.'s Compl. ¶¶ 5-9.) On behalf of Decedent's two minor children, Plaintiff seeks damages under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1 *et. seq.*, for the two minor children's "general pecuniary loss and a loss of society and loss of companionship, love and affection of Plaintiff's Decedent." (*Id.* ¶ 16.) As a result of the alleged wrongful death caused by formaldehyde and other chemical exposure from Defendant's flooring, she seeks recovery for both past and future

3

"loss of companionship and society" and "mental anguish; or in the alternative, grief, sorrow and mental suffering," as well as pre- and post-judgment interest. (*Id.* ¶¶ 17-18.) Without conceding any merit to Plaintiff's allegations of liability for her purported damages, a fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000.

10.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). No submission of evidence accompanying the removal notice is required. *Id.* "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (citing *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553).

11.     In the event a plaintiff challenges a defendant's amount-in-controversy allegation, removal is proper under 28 U.S.C. § 1446(c)(2)(B) "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Roppo*, 869 F.3d at 579 (internal quotations and citations omitted). However, as the Seventh Circuit has cautioned in acknowledging the difficulty a defendant confronts when a plaintiff — who controls the allegations in the Complaint and "provides little information about the value of the[ ] claims" — challenges defendant's amount-in-controversy allegation: "A removing party therefore only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Id.* (citing *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (internal quotations omitted)). "If the removing party is able to meet this burden, then remand is appropriate only if the plaintiff can establish the claim is for less than the requisite amount to a legal certainty." *Id.* (citing *Meridian Sec. Ins. Co. v.*

*Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (internal quotations omitted)); *accord McCormick v. Independence Life and Annuity Co.*, 794 F.3d 817, 818 (7th Cir. 2015) (once defendant shows plausible good faith estimate adequately supported by evidence, "defendant's estimate of the stakes" controls, unless is it "legally impossible" for a court to award that amount).

12.     While Plaintiff has not specified a dollar figure in her Complaint, it is evident that the damages she seeks on behalf of Decedent's two minor children more likely than not exceed $75,000. Plaintiff has alleged that Defendant's flooring caused Decedent liver and pancreatic cancer, which ultimately led to his death, and further resulted in substantial pecuniary loss to Decedent's two minor children, including all elements of damages permitted under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/1 *et. seq.*

13.     Under the Illinois Wrongful Death Act, damages are intended to provide eligible beneficiaries with the benefits that would have been received from the continued life of the decedent. *Johnson v. Provena St. Therese Med. Ctr.*, 778 N.E.2d 298 (Ill. App. Ct. 2002). The statute specifically provides: "the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering, to the surviving spouse and next of kin of such deceased person." 740 Ill. Comp. Stat. Ann. 180/2. That is, pecuniary injury for which damages are recoverable "is not only loss of financial support, but also all those intangible benefits encompassed by terms of loss of society." *See, e.g.*, *Drews v. Gobel Freight Lines, Inc.*, 557 N.E.2d 303 (Ill. App. Ct. 1990). Such "loss of society" reflects the pecuniary injury resulting from the deprivation of the love, companionship, and affection of the decedent. *See Hammond v. Sys. Transp., Inc.*, 942 F. Supp. 2d 867, 871-72 (C.D. Ill. 2013). Moreover, under Illinois law, "there is a presumption of substantial pecuniary loss" when a parent dies. *See Cooper v. Chicago*

*Transit Authority*, 505 N.E.2d 1239 (Ill. Ct. App. 1987); *accord Hammond*, 942 F. Supp. 2d at 874-75 (noting that in cases accruing after 2007, "Illinois legislature clearly intended to expand the damages available under the Wrongful Death Act to include recovery for emotional impact on the deceased person's . . . next of kin, distinct from the loss of companionship already recoverable under the Act").

14.    Thus, as alleged in Plaintiff's Complaint and permitted under Illinois law, Plaintiff is seeking recovery of the financial support Decedent provided to his two minor children; the intangible loss of society resulting from the deprivation of the Decedent's love, companionship, and affection toward his two minor children; and the grief and mental suffering — the emotional impact — sustained by his two minor children. Given the expansive scope of these damages, it is beyond peradventure that the amount-in-controversy here exceeds $75,000.

15.    In similar wrongful death actions awarding damages to next of kin, such actions routinely result in awards substantially in excess of $75,000. *See, e.g.*, *Magna Tr. Co. v. Illinois Cent. R. Co.*, 728 N.E.2d 797, 815 (Ill. Ct. App. 2000) (affirming $1.8 million award in pre-2007 wrongful death action relating to death of husband and father to two daughters as "not a runaway verdict"); *Dougherty v. Cole*, 934 N.E.2d 16, 23 (Ill. App. Ct. 2010) (upholding award of $200,000 to decedent's apparently non-minor daughter for mental suffering associated with mother's death caused by decedent's son and plaintiff's brother); *see also Webb v. Frawley*, 858 F.3d 459, 461-62 (7th Cir. 2017) (upholding denial of motion to remand in tortious interference with contract case, notwithstanding plaintiffs' contention that each sought only $50,000, where plaintiffs alleged irreparable harm to commercial reputation and each plaintiff's annual salary exceeded $75,000 and plaintiffs failed to stipulate that they each would collect no more than $75,000 in damages).

16.     As a result of the foregoing, Lumber Liquidators has a good faith, plausible estimate, supported by adequate evidence, that the amount-in-controversy exceeds $75,000, and accordingly, removal is proper.

17.     Indeed, Lumber Liquidators is compelled to remove this case based on the allegation of the Complaint because to fail to do so now would lead to an untimely removal later, after discovery commences. *See, e.g., Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (30-day clock is triggered where document provides specific and unambiguous notice that case is removable). Because it is evident from the allegations in Plaintiff's Complaint that the damages sought are "more likely than not" to exceed $75,000, Lumber Liquidators is required, pursuant to 28 U.S.C. § 1446(b), to remove this case within 30 days of service of the Complaint.

18.     Because both requirements of diversity of citizenship and an amount in controversy exceeding $75,000 are present, this Court has jurisdiction under 28 U.S.C. § 1332(a).

**ATTACHMENT OF STATE COURT PLEADINGS AND NOTICE TO STATE COURT**

19.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court action are attached hereto as **Exhibit A**.

20.     In accordance with 28 U.S.C. § 1446(d), Lumber Liquidators will promptly file with the Clerk of Cook County Circuit Court, in Case No. 2020L007648, and serve on all parties, a true and correct copy of this Notice of Removal.

21.     Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.2, Lumber Liquidators is filing its Notification as to Affiliates Statement herewith.

22.     By filing this Notice of Removal, Lumber Liquidators does not waive any jurisdictional objection or other defense that is or may be available to it.

WHEREFORE, Defendant Lumber Liquidators, Inc. respectfully gives notice that this action is hereby removed from the Circuit Court of Cook County, Illinois, Case No. 2020L007648, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: August 31, 2020                    Respectfully submitted,

                                          By: /s/ Mary ("Molly") S. DiRago
                                          Mary ("Molly") S. DiRago
                                          Illinois Bar No. 6282757
                                          molly.dirago@troutman.com
                                          Troutman Pepper Hamilton Sanders LLP
                                          227 W. Monroe, Suite 3900
                                          Chicago, Illinois 60606
                                          Telephone: 312.759.1926

## PROOF OF SERVICE

I hereby certify that on this 31st day of August, 2020, I electronically filed the foregoing

documents with the Clerk using the CM/ECF system which will send notification of such filing

to all counsel of record and that copies will be served upon the following parties by First-Class

U.S. Mail:

Kenneth Anspach
The Law Offices of Kenneth Anspach
111 West Washington Street
Suite 1625
Chicago, Illinois 60602
Telephone: (312) 407-7888
ken@anspachlawoffice.com

Robert J. Augenlicht
Kurtz & Augenlicht LLP
123 West Madison Street
Suite 700
Chicago, Illinois 60602
Telephone: (312) 526-3928
raugenlicht@kalawchicago.com

*Attorneys for Plaintiff Carla J. Kappel*

/s/ Mary ("Molly") S. DiRago
Mary ("Molly") S. DiRago
Illinois Bar No. 6282757
molly.dirago@troutman.com
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe, Suite 3900
Chicago, Illinois 60606
Telephone: 312.759.1926

*Attorney for Defendant*
*Lumber Liquidators, Inc.*